IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN EVANS,

    Plaintiff

vs.

CO JOE KAYES, *et al.*,

    Defendants

CIVIL NO. 1:CV-16-1098

(Judge Caldwell)

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Bryan Evans, filed this civil-rights action concerning events that occurred while housed at the Schuylkill County Prison (the Prison), in Pottsville, Pennsylvania.[1] Evans alleges that in April 2016 he was assaulted by Prison staff and then placed in a cell where he was assaulted by his cellmate. Named as Defendants are the following SCP employees: Warden Eugene Berdanier and Corrections Officer (CO) Joe Kayes. (ECF No. 1, Compl.)[2]

Presently before the court is Warden Berdanier's Motion to Dismiss the Complaint (ECF No. 11) based on Evans' failure to state a claim against him. (ECF No. 11, Berdanier's Mot. to Dismiss).

---

[1] According to the Pennsylvania Department of Corrections' (DOC) inmate locator, Evans is presently housed at the Waymart State Correctional Institution in Waymart, Pennsylvania.

[2] Plaintiff spells "Berdanier" as "Berdenair." We will use the correct spelling.

For the reasons discussed below, the court will grant Warden Berdanier's motion to dismiss based on his failure to state a claim against him. Evans, however, will be granted leave to file an amended complaint. His failure to file an amended complaint will result in this action proceeding only against CO Kayes.

II.   *Standard of Review*

A motion to dismiss under Fed. R. Civ. P 12(b)(6) authorizes the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Under Fed. R. Civ. P. 12(b)(6), the district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff is entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'" *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

Legal conclusions are "not entitled to the assumption of truth." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

Additionally, pro se pleadings must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

With this standard in mind, the following is the background to this litigation, as Evans alleges it.

III.    *Background*

On April 12, 2016, Evans asked CO Joe Kayes for his inmate ID number so he could use the inmate telephone system. At the time, CO Kayes was watching the television in the block's dayroom. (ECF No. 1, p. 3). Evans "stated you obusly (sic) arnt (sic) busy." (*Id.*) CO Kayes told Evans to "respect him." (*Id.*) Evans "said your (sic) not busy." (*Id.*) CO Kayes then stated he would "make [Evans] stay [at the Prison] a living

-3-

hell". (*Id.*) CO Kayes then handcuffed Evans, punched him in the back of the head and called for additional officers. (*Id.*) Even though Evans told "them" he could not breathe, CO Kayes "swept [his] feet" and "smashed" his face off the Delta block door. (*Id.*) Evans was knocked unconscious.

When Evans awoke, he had no feeling in his face and his tongue tingled. He was in a cell with Josh Kaylor in the "RHU block." (*Id.*) Inmate Kaylor then sucker punched Evans in the head. Unidentified prison staff removed him from the cell and he was "beaten on Echo Block RHU." (*Id.*) The following day, on April 13, 2014, Evans received a misconduct report. (*Id.*, p. 2).

Plaintiff appears to be making Eighth Amendment claims for excessive force and a failure to protect. As relief, he seeks compensatory and punitive damages. (*Id.*, p. 3).

IV. *Discussion*

    A. *Evans' Failure to State a Claim against Warden Berdanier*

In moving to dismiss, Warden Berdanier argues that Evans fails to allege that he had personal involvement in the events described in the Complaint and that his liability cannot be based on respondeat superior. (ECF No. 12, pp. 9-11). Citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Warden Berdaneir also argues that Evans has failed to allege facts to support a claim based on a policy or custom that led to similar past instances of misconduct. (*Id.*) Evans did not file a brief in opposition to Warden Berdanier's motion to dismiss.

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

We note that Warden Berdanier's name only appears in the caption of the Complaint. His name is not mentioned anywhere in Evans' statement of his claim. (ECF No. 1, pp. 2-3). Only CO Kayes is named as having any involvement in the events of April 2016.[3] (*Id.*) The Complaint therefore falls short of the requirements of Fed. R. Civ. P. 8(a) in regard to Warden Berdanier.

Accordingly, Warden Berdanier will be dismissed due to Evans' failure to allege his personal involvement in any alleged constitutional violations. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948 (noting that, because vicarious liability is inapplicable in a § 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). However, Evans will be granted leave to file an amended complaint as to this defendant.

    B.    *Leave to Amend*

Evans will be granted twenty-one days to file an amended complaint alleging the personal involvement of Warden Berdanier and any others he claims were involved with the events of April 2016 at the Prison. If Evans decides to file an amended complaint, he is advised he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Evans is advised that any

---

[3] CO Kayes filed an Answer to the Complaint on July 18, 2016. *See* ECF No. 15.

amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice (i.e., claims against CO Kayes) and are not alleged in the amended complaint, are waived.

Evans is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. He must also specify the relief he seeks. Evans's failure to file an appropriate amended complaint within the required time will result in the court proceeding exclusively on his Eighth Amendment claim(s) against CO Kayes. Evans is also cautioned that illegible submissions will be returned to him without consideration. Finally, Evans is reminded of his obligation to advise the court of any change of address. His failure to do so may result in the dismissal

of his action.[4]

      An appropriate order follows.

                                  /s/ William W. Caldwell  
                                  William W. Caldwell  
                                  United States District Judge

Date: April 3, 2017

---

[4] While Evans notified the court of his transfer from SCP to SCI-Camp Hill, he did not advise the court of his transfer to SCI-Waymart.